IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| Bennie Lee Woodgett, | ) | |
|---|---|---|
| | ) | |
| Petitioner/Defendant, | ) | Civil Action No. 14-00298-KD |
| | ) | |
| v. | ) | Criminal No. 09-00263-KD-N |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Pending before this Court are Bennie Lee Woodgett's Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (doc. 32), the United States' Motion to Dismiss (doc. 35), which has been construed by the undersigned as the government's response to Petitioner (*See* doc. 36) and Petitioner's Response (doc. 38). This is now ripe for the court's consideration and has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. Because the undersigned finds that the record is adequate to dispose of this matter; no evidentiary hearing is required. For the reasons explained herein, it is **RECOMMENDED** that Petitioner's Motion to Vacate (Doc. 32) be **DENIED** and that the Court find he is not entitled to a certificate of appealability and therefore is not entitled to appeal *in forma pauperis*.

## I. Underlying Criminal Case

A two-count indictment was returned against Petitioner in November 2009. The indictment contained one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); and one count of possession of receiving, possessing, and concealing a stolen firearm, in violation of § 922(j) (Count 2). (Doc. 1.) Petitioner pled guilty to Count 1 and Count 2 was dismissed. (*See* Doc. 18; Doc 19).

In May 2010, Petitioner was sentenced to 180 months of incarceration to be followed by 5 years of supervised release. (Doc. 28). Due to the categorization of Petitioner as an armed career criminal, the term of 180 months (15 years) was the minimum sentence under the Armed Career Criminal Act of 1984 (ACCA). *See*, 18 U.S.C. § 924(e). Petitioner did not appeal his conviction or his sentence. (Doc. 27).

## II. Collateral Attack

Through his § 2255 petition, Petitioner alleges that his sentence should not have been enhanced by application of the ACCA. However, his claim is time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) that amended 28 U.S.C. § 2255.1 Specifically, AEDPA states, in relevant part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

---

1 The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir.1998).

subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

* * *

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Since Petitioner did not appeal his criminal case, the judgment against him became final 14 days after his sentence was entered on May 21, 2010. *See*, *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000); FED. R. APP. P. 4(b)(1). Thus, Petitioner's Motion comes approximately four years after the judgment became final. However, he asserts that his claim only came into being with the U.S. Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013), entered on June 20, 2013 (Doc. 32). Petitioner seeks to come within subsection (3) of § 2255(f) in which the AEDPA clock begins running from "the date on which the right asserted was initially recognized by the Supreme Court, if that

3

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

In *Descamps*, the Supreme Court held that courts may not use the "modified categorical approach" to sentencing a defendant under the Armed Career Criminal Act when the statute under which the defendant was convicted was made up of a single, indivisible set of elements. *Descamps*, 133 S.Ct. at 2283. The *Descamps* Court determined that the enhancement of Descamps' conviction, based on such a conviction, was improper.

The undersigned has reviewed the *Descamps* decision and finds that while it provides guidance for conducting criminal trials and sentencing defendants, it *does not* establish new rules of law. Moreover, the Supreme Court does not make the decision retroactive as required in § 2255(f)(3).

Although the Eleventh Circuit Court of Appeals has not entered a decision as to whether *Descamps* is to be applied retroactively, cases by this district and other district courts in this circuit have concluded that it is not. *See Adams v. United States*, 2014 WL 2993785, *3 (S.D. Ala. July 3, 2014); *Strickland v. English*, 2013 WL 4502302, *8 (N.D. Fla. August 22, 2013); *Reed v. United States*, 2013 WL 5567703, *3 (M.D. Fla. October 9, 2013); *Roscoe v. United States*, 2013 WL 5636686, *11 (N.D. Ala. October 16, 2013); *Johnson v. United States*, 2014 WL 2215772, *2 (M.D. Fla. May 27, 2014); and *United States v. Boykin*, 2014 WL 2459721, *1 (N.D. Fla. May 31, 2014). As such, *Descamps* is inapplicable here; the claim and petition brought by Petitioner are barred by the AEDPA statue of limitations.

4

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV. Conclusion

Petitioner has raised several claims in this petition. However, because this action was filed so long after his conviction, it is barred by the AEDPA statute of limitations. Therefore, it is **RECOMMENDED** that the Petitioner's Motion be **DENIED**. It is **FURTHER RECOMMENDED** that the court find that the petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an

6

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of September, 2014.

                                   */s/ Katherine P. Nelson*
                                   **KATHERINE P. NELSON**
                                   **UNITED STATES MAGISTRATE JUDGE**