IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BENNIE LEE WOODGETT,      ) | |
|     Movant      ) | |
|      ) | |
| v.      ) | |
|      ) | CRIMINAL ACTION 09-00263-KD-N |
| UNITED STATES OF AMERICA,      ) | |

## ORDER

This matter is before the Court on Movant Bennie Lee Woodgett's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. (Doc. 44). On June 15, 2016, the Eleventh Circuit Court of Appeals authorized Woodgett to file a second or successive motion pursuant to 28 U.S.C. § 2255. (Doc. 46). On June 27, 2016, the Court issued an Order containing its preliminary determination that Woodgett could not satisfy § 2255(h)(2) because he has not shown that his claim satisfies its requirements, *i.e.* that his motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *See also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). The parties were given an opportunity to brief the Court further and have done so. (Docs. 50-51).[1] For the reasons discussed herein, the motion is **DENIED**.

When the Court of Appeals authorizes a second or successive motion, it does so after determining the movant "has made a *prima facie* showing that his application satisfies §§ 2255(h) and 2244(b)(3)(C). This is a limited determination on [the Court of Appeals'] part, and,

---

[1] Woodgett has also filed a motion to proceed *in forma pauperis*. (Doc. 45). However, there are no filing fees for a section 2255 proceedings. *See Anderson v. Singletary,* 111 F.3d 801, 806 (11th Cir.1997) ("for a section 2255 proceeding, no filing fee is required"). Upon consideration, the Court **DENIES** the motion (Doc. 45) as **MOOT**.

as [the Court of Appeals] ha[s] explained before, '[t]he district court is to decide the [§ 2255(h)] issue[s] fresh, or in the legal vernacular, *de novo*.'" *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013)(quoting *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir. 2007). Thus, before entering into an examination of the merits of such a motion, the district court must determine whether the Movant has established the statutory requirements for filing a second or successive motion. *Id*. The portion of 28 U.S.C. § 2255(h) applicable here permits the filing of second or successive motion when the motion contains a claim based "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Woodgett's motion challenges his 180 month sentence, which was enhanced pursuant to the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B); *Mays v. United States*, 817 F.3d 728, 730-31 (11th Cir. 2016). These three "clauses" are known as the "elements clause," the "enumerated clause," and the "residual clause," respectively. *Mays* at 731. On June 26, 2015, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson v. United States*, 135 S. Ct. 2251, 2557-58, 2563 (2015). The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the

elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id* at 2563.

Woodgett claims that the *Johnson* case applies here and that his sentence was improperly enhanced pursuant to the ACCA because he does not have three qualifying predicate offenses. In its review of Woodgett's request for authorization to file a second or successive motion, the Court of Appeals explained that it could not determine, from the record before it, which of Woodgett's prior convictions had been relied upon as Woodgett's third qualifying ACCA offense.[2] The Court of Appeals explained that a conviction under Alabama's first-degree assault is not categorically a violent felony, and that if the district court had relied upon Woodgett's conviction for first-degree assault, then Woodgett *might* have a *Johnson* claim. (Doc. 46 at 5-7). Thus, Woodgett had made a *prima facie* showing that his claim may satisfy 28 U.S.C. § 2255(h)(2).

In addition to the record available via CM/ECF, the Court has had the opportunity to review the transcript of Woodgett's sentencing hearing, as well as its own notes taken in preparation for and during the sentencing hearing.[3] It should be noted that at sentencing Woodgett withdrew his objection to the ACCA enhancement and stated that it applied. (Doc. 48-2 at 2). Because of this, the Court did not make well-articulated findings of the three predicate offenses. However, the Court's sentencing notes indicate that it relied upon four prior

---

[2] The Court of Appeals' review of the Presentence Investigation Report ("PSIR") indicates that the following Alabama convictions may have been relied upon in enhancing Woodgett's sentence: (1) second degree assault in 1982; (2) third-degree burglary in 1983, 1992, and 1994; (3) third-degree robbery in 1990 and 1999; (4) first-degree assault in 1992; and (5) third degree escape in 1992.

[3] Copies were provided as attachments to Doc. 48. *See* footnote 2 at page 3, which is corrected to state: "Copies of the transcript and the Court's notes are attached to this Order but access to the Court's notes is limited to the Court and the parties.

The transcript is a bit confusing. The primary discussion pertains to whether Woodgett possessed the firearm in connection with a crime of violence for purposes of calculating Woodgett's adjusted offense level. (Doc. 48-2 at 3-7). Ultimately, the Court determined there was sufficient evidence to conclude that he did. (Doc. 48-2 at 8-9). It also appears that some of the Court's statements in the transcript were attributed to the United States rather than to the Court. (*See* page 9 of the transcript (Doc. 48-2) at lines 3-5)."

3

convictions when enhancing Woodgett's sentence: (1) third-degree robbery (PSIR ¶ 64); (2) third-degree robbery (PSIR ¶37); (3) third-degree burglary (PSIR ¶ 43); and (4) third degree burglary (PSIR ¶ 50). (*See* Doc. 48-1).

At sentencing, the Court stated, "From my calculation, he had 1, 2, 3 – well, one that you disagree with.[4] At least 4 prior – 2 prior robberies, which of course would qualify as a crime of violence." (Doc. 48-2 at 7-8). It would appear that the Court's reference to the third and fourth crimes of violence, quoted above, was to Woodgett's third-degree burglary convictions, especially in light of the statement that Woodgett disagreed with one of the burglaries.

Thus, from the Court's review, it does not appear that the Court relied upon Woodgett's conviction for first-degree assault as a predicate offense.[5] Rather, as outlined above, per the Court's sentencing notes, the Court relied upon Woodgett's prior convictions for third-degree robbery and third-degree burglary. As explained in the Court of Appeals' Order (Doc. 46), there is no question that the two convictions for third-degree robbery, which contain an element of the use of force, remain valid ACCA predicate offenses notwithstanding the Supreme Court's *Johnson* decision.

Woodgett was sentenced in May 2010. At that time, under applicable Eleventh Circuit precedent, a conviction for burglary in the third degree under Alabama law had been determined to be a violent felony **based on the enumerated clause** of 18 U.S.C. § 924(e). *See United States v. Ranier*, 616 F.3d 1212 (11th Cir. 2010)(relying on *Taylor v. United States*, 495 U.S. 575 (1990)) and *United States v. Johnson*, 329 F. App'x 890 (11th Cir. 2009). Years after Woodgett

---

[4] Woodgett objected to inclusion of his conviction for third-degree burglary found at ¶ 43 of the PSIR, claiming that the conviction was incorrectly attributed to him, rather than to a relative. (Doc. 25 at ¶ 3). However, three predicate ACCA offenses remain.

[5] The facts of the first degree assault conviction as described in the Pre-sentence Investigation Report were adopted as the findings of the Court. (See Doc 26). The Court has included a copy of the Statement of Reasons ("SOR") as an attachment to this Order. At the time of Woodgett's sentencing, the Court did not docket SORs as a matter of course. The SOR provides, "The court adopts the presentence investigation report without change." The last page of the attached copy of the SOR has been redacted to remove Woodgett's personally identifiable information ("PII").

4

was sentenced, the Court of Appeals held that Alabama's third-degree burglary statute is "non-generic and indivisible" such that it does not qualify under the ACCA's enumerated crimes clause under the modified categorical approach as clarified by the United States Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276 (2013). *United States v. Howard*, 742 F. 3d 1334, 1348-49 (11th Cir. 2014).

Also, this is not Woodgett's first motion pursuant to 28 U.S.C. § 2255.[6] Thus, a challenge to the Court's reliance on Woodgett's third-degree burglary conviction(s) as the third predicate offense(s) would fail as the Court of Appeals has indicated that that *Descamps* is not retroactive on a second or successive § 2255 motion. *See In re Griffin,* --- F.3d ---, No. 16-12012-J, 2016 WL 3002293, at *1 (11th Cir. May 25, 2016); *In re Thomas*, --- F.3d ---, No. 16-12065-J, 2016 WL 3000325, at *3 (11th Cir. May 25, 2016); *In re Rogers*, --- F.3d ---, No. 16-12626-J, 2016 WL 3362057, at *2 (11th Cir. June 17, 2016)(footnotes omitted); *See also In re Thomas*, --- F.3d ---, No. 16-12065-J, 2016 WL 3000325, at *3 (11th Cir. May 25, 2016)("Thomas's claim under *Johnson* fails to establish the required *prima facie* showing because, even though *Johnson* is a new rule of constitutional law that the Supreme Court has declared is retroactive, the applicability of Thomas's ACCA enhancement does not turn on the validity of the residual clause. First, his two convictions for armed robbery qualify as ACCA predicates under the elements clause. *See Dowd*, 451 F.3d at 1255. Second, the district court did not rely on the residual clause to find that Thomas's conviction for breaking and entering was an ACCA predicate, but instead determined that it qualified as generic burglary under the

---

[6] In June 2014, Woodgett filed his first motion pursuant to § 2255. (Doc. 32). His challenge came over four years after his conviction became final. He challenged his ACCA sentence, arguing that his burglary third convictions were no longer predicate offense pursuant to the enumerated clause pursuant to *Descamps* and *Howard, supra*. The Court denied his motion, holding that his challenge was untimely pursuant to § 2255 (f)(3) as *Descamps* did not establish new rules of law, nor did the Supreme Court make the decision retroactive as required under § 2255(f)(3). (Docs. 39, 41).

5

enumerated offenses clause, which was not affected by *Johnson*. Thus, Thomas has three predicate convictions for violent felonies as required under the ACCA.").

The Court has considered Woodgett's argument that "whether the Alabama burglary third-degree statute qualified as a violent felony under **any** of the ACCA clauses was not decided until **after** *Johnson*…" (Doc. 50 at 1 emphasis in original). As outlined above, this argument is without merit as the precedent at the time of Woodgett's sentencing was that third degree burglary was an ACCA predicate offense. The residual clause played no part in the Court's determination. Thus, its invalidation has no bearing on Woodgett's sentence.

Accordingly, Woodgett has not satisfied § 2255(h)(2) because he has not shown that his claim satisfies its requirements, *i.e.* that his motion contains a claim based "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *See also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). Woodgett's motion pursuant to § 2255(h)(2) is **DENIED**. (Doc. 44).[7]

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing § 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or

---

[7] As the Eleventh Circuit noted in its authorization of Woodgett's second or successive motion pursuant to § 2255, "We recognize that we recently held that *Descamps* did not itself announce a new rule of constitutional law sufficient to satisfy § 2255(h)(2). *See In re: Marvin Griffin*, __ F.3d ___, No. 16-12012-J, slip op. at 11 (11th Cir. May 25, 2016). Thus, when none of a petitioner's ACCA predicate offenses are rendered invalid except under the Supreme Court's decision in *Descamps*, a petitioner will not be able to make out a prima facie case that his successive § 2255 motion contains a new rule of constitutional law from which he is reasonably likely to benefit. *Id*." (Doc. 46 at 8).

district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). And, the "certificate of appealability may issue ... *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003) (citations and internal quotations omitted).   Considering footnote 1 at page 7 of the Eleventh Circuit Court of Appeals' Order authorizing Woodgett's second or successive motion pursuant to § 2255 (Doc. 46) and footnote 7 of Judge Martin's concurring opinion in *In re Leonard*, 2016 WL 3885037 (11th Cir. July 13, 2016) the district court finds that reasonable jurists could debate whether this motion should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.[8] Therefore, issuance of a certificate of appealability is warranted in this case.

## IN FORMA PAUPERIS

The Court has previously determined that Woodgett is indigent and counsel from the Criminal Justice Act ("CJA") panel was appointed to represent him. (Docs. 6, 12). Rule 24(a)(3) of the Federal Rules of Appellate procedure provides:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not

---

[8] These footnotes expand upon the Court of Appeals' struggle regarding the interplay between *Descamps* and *Johnson*.

>otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
>(B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3). The Court has determined that Woodgett is entitled to a Certificate of Appealability. It also appears that if Woodgett chooses to appeal the issue of whether he is entitled to relief under *Johnson*, it would be in good faith and thus, he would be entitled to do so *in forma pauperis*.[9]

**DONE** and **ORDERED** this **5th** day of **August 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[9] Doc. 45, Woodgett's motion to proceed *in forma pauperis*, contains updated financial information. There has been no material change in Woodgett's finances since the Court determined he was indigent for purposes of appointment of counsel.