IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 09-00263-KD-N |
| | ) |
| BENNIE LEE WOODGETT, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Bennie Lee Woodgett's letter, which the Court construes as a Motion to Vacate pursuant to 28 U.S.C. § 2255 (doc. 60).[1]  Upon consideration, and for the reasons set forth herein, the Motion is dismissed for lack of jurisdiction.

I. Background

Woodgett pled guilty to the offense of felon in possession of a firearm (doc. 28). Because he had at least three prior convictions for either a violent felony or a controlled substance offense, he was classified as an armed career criminal for purposes of the Sentencing Guidelines (doc. 26, p. 5-6).  Woodgett's total offense level was 31 and his criminal history category was IV.  His advisory sentencing guidelines range was 151 to 188 months. However, his statutory minimum sentence was greater than the low end of the guidelines range; therefore, his range was 180 to 188 months.  In May 2010, Woodgett was sentenced to the mandatory statutory minimum of 180 months.

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

II. <u>Motion pursuant to 28 U.S.C. § 2255</u>

In June 2014, Woodgett filed a motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 32). Woodgett argued that the Court erroneously determined that he was an armed career criminal pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), because his prior convictions did not qualify as predicate offenses. Woodgett relied upon the decision in <u>Descamps v. United States</u>, 570 U.S. 254 (2013).  His motion was denied as barred by the statute of limitations because it was filed four years after his judgment became final and because the decision in <u>Descamps</u> did not apply retroactively (docs. 39, 41).

In June 2016, the Court of Appeals for the Eleventh Circuit authorized Woodgett to file a second or successive motion pursuant to 28 U.S.C. § 2255 (doc. 46).  Woodgett again challenged the determination that he was an armed career criminal and argued that he did not have the requisite predicate convictions (doc. 44).  The motion was denied (doc. 52).  The Court found that Woodgett had not satisfied 28 U.S.C. § 2255(h)(2) because he did not show that his motion contained a claim based on a new rule of constitutional law, which was made retroactive by the Supreme Court to cases on collateral review.

Woodgett has now filed a successive motion to vacate pursuant to 28 U.S.C. § 2255" (doc. 60).  He argues that certain prior convictions used to classify him as an armed career criminal for purposes of the ACCA, do not qualify as crimes of violence. Woodgett cites to <u>Borden v. United States</u>, 141 S. Ct. 1817 (2021) (holding that a conviction for "reckless aggravated assault" under Tennessee law did not qualify as a predicate offense for the ACCA) and <u>United States v. Carter</u>, 7 F. 4th 1039 (2021) (citing <u>Borden v United States</u>, and holding that Carter's conviction for aggravated assault with a deadly weapon under Georgia law, which could

be accomplished with a mens rea of recklessness, did not qualify as a predicate offense for the ACCA)

Because Woodgett previously sought relief pursuant to 28 U.S.C. §2255, he must obtain authorization from the Eleventh Circuit Court of Appeals before he may file another motion pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3) (3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Baker v. United States, 791Fed. Appx. 884 (11th Cir. Jan. 28, 2020) ("'Without authorization, the district court lacks jurisdiction to consider a second or successive [motion].'") (quoting United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005)); Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts (a party must obtain authorization from the appropriate court of appeals before presenting a second or successive motion).  Since Woodgett has not obtained authorization, his motion is DISMISSED for lack of jurisdiction.

**DONE** and **ORDERED** this 13th day of September 2021.

> s / Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **CHIEF UNITED STATES DISTRICT JUDGE**