IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 09-00263-KD-N |
| | ) |
| BENNIE LEE WOODGETT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Bennie Lee Woodgett's letter, which the Court construes as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 58).[1][2] Upon consideration, and for the reasons set forth herein, the Motion is dismissed without prejudice.

I. Background

Woodgett pled guilty to the offense of felon in possession of a firearm (doc. 28). Because he had at least three prior convictions for either a violent felony or a controlled substance offense, he was classified as an armed career criminal for purposes of the Sentencing Guidelines (doc. 26, p. 5-6). Woodgett's total offense level was 31 and his criminal history category was IV. His advisory sentencing guidelines range was 151 to 188 months. However, his statutory minimum sentence was greater than the low end of the guidelines range; therefore, his range was

---

[1] Woodgett also moves for reconsideration of his sentence based upon the decision in Borden v. United States, 141 S. Ct 1817 (2021). This motion will be addressed by separate order.

[2] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

180 to 188 months.  In May 2010, Woodgett was sentenced to the mandatory statutory minimum of 180 months.

Woodgett seeks compassionate release because he already contracted Covid 19 and now has lingering respiratory problems (doc. 58).  Woodgett reports that he has asthma for which he uses two inhalers, one daily and one as needed, and high blood pressure for which he takes daily medication (doc. 58, doc. 58-1, prescription list).

Woodgett is now 51 years old.  His release date is November 1, 2023.  He has served approximately eleven years of his sentence and is incarcerated at USP Leavenworth in Leavenworth, Kansas.  At present, one inmate and one staff member are positive for Covid-19.  Three inmates have died. Seven-hundred and fifty-nine inmates and twelve staff members have recovered from Covid-19. https://www.bop.gov/coronavirus/ (last visited September 8, 2021).

II. Motion for Reduction of Sentence and/or Compassionate Release

A. Statutory prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Woodgett does not allege that he made a request to the Warden to file a motion for compassionate release on his behalf and that more than 30 days have lapsed since the Warden received his request, or that Woodgett has exhausted his administrative remedies. Since he failed

to comply with either of the statutory requirements, Woodgett has not met the necessary prerequisites for the Court to consider his motion. Accordingly, his motion is dismissed without prejudice for failure to exhaust.  United States v. Rodrigues, 847 Fed. Appx. 609, (11th Cir. Feb. 17, 2021) ("Despite the unique circumstances presented by the COVID-19 pandemic, and contrary to Mr. Rodrigues' argument, defendants are generally required to comply with the exhaustion requirement in § 3582(c)(1)(A)").

    B. Analysis

"Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements. The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment 'if, after considering the factors set forth in 18 U.S.C. § 3553(a),[ ] to the extent that they are applicable,' it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction." United States v. Granda, 852 Fed. Appx. 442, 444 (11th Cir. 2021) (footnote omitted).  However, the Court must determine that Woodgett "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), before it can determine whether extraordinary and compelling reasons exist." Id. (citing U.S.S.G. § 1B1.13; id., comment. (n.1)) (underlining in original).  "In determining whether an individual is a danger to others, the court can consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release." Id. at 444-445 (citing 18 U.S.C. § 3142(g)).

    Woodgett's extensive criminal history indicates that he is a serious danger to the safety of other persons and a danger to the community.  Woodgett has prior state court convictions for

robbery 3rd degree, burglary 3rd degree, possession of marijuana, and possession of cocaine, as well as convictions for escape, assault, theft of property, receiving stolen property, forgery, and municipal court offenses such as contempt of court, trespass, and harassment (doc. 26, p. 7-19). At time of sentencing, Woodgett had assault, criminal trespass, and theft charges pending in the state court as well as local charges for escape 1st degree, assault, theft of property, possession of a pistol by a forbidden person, and burglary 1st degree arising from the same criminal conduct, which resulted in his Indictment in this Court. (Id., p. 22).  Therefore, even if Woodgett had met the statutory prerequisites, and even if he could show extraordinary and compelling reasons which may warrant consideration of his request for compassionate release, he would not be entitled to release because he is a danger to other persons and a danger to the community.

**DONE** and **ORDERED** this 14th day of September 2021.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**