IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 09-00263-KD-N |
| | ) | |
| BENNIE LEE WOODGETT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on Defendant Bennie Lee Woodgett's letter, construed as a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and exhibit in support[1] (doc. 63, 63-1).  Upon consideration, and for the reasons set forth herein, the motion is DENIED.

In early August 2021, Woodgett filed a motion for compassionate release (doc. 58).  He stated he was still suffering respiratory problems after contracting Covid 19 in March and April 2021.  Woodgett also stated that he had asthma and high blood pressure which placed him at risk of serious illness from Covid 19. This Court dismissed Woodgett's motion without prejudice because he failed to provide evidence that he met either of the statutory procedural prerequisites in 18 U.S.C. § 3582(c)(1)(A) (doc. 62). Specifically, the statute, as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" if certain other

---

[1] See United States v. Mederos-Jimenez, 748 Fed. Appx. 289, 290 (11th Cir. 2019) ("Our Circuit precedent says district courts have jurisdiction to entertain successive motions for a sentence reduction if the district court denied the initial motion for a sentence reduction. We therefore construe Mederos-Jimenez's motion for reconsideration as a successive § 3582(c) motion.") (citing United States v. Caraballo-Martinez, 866 F.3d 1233, 1245–47 (11th Cir. 2017)).

conditions are met. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Woodgett now provides the Warden's "Response to Inmate Request to Staff Member" dated August 9, 2021 (doc. 63-1). Thus, he has met at least one of the statutory prerequisites. Specifically, he made a request to the Warden to bring a motion on his behalf and more than 30 days lapsed before he filed this motion. The Response indicates that Woodgett made his request for consideration for compassionate release based on the Covid 19 pandemic and his history of hypertension and asthma. The Warden denied his request upon finding that Woodgett's medical conditions did not meet the criteria in Program Statement 5050.50. Therefore, the Court may consider his motion.

In that regard, the Court previously made an alternative decision that "even if Woodgett had met the statutory prerequisites, and even if he could show extraordinary and compelling reasons which may warrant consideration of his request for compassionate release, he would not be entitled to release because he is a danger to other persons and a danger to the community." (doc. 62, p. 3-4).

Woodgett now argues that the Court erroneously relied upon a prior convictions for possession of marijuana and possession of cocaine to find that he would be a danger if he were released early (doc. 63, p. 2). Woodgett asserts that he does not "recall going to jail for any drugs" and that the Court should "check the dates" because his father Bennie Joe Woodgett and brother Benjamin or Ben Woodgett were engaged in criminal activity at the same time. These convictions were included in Woodgett's pre-sentence investigation and no objection was made to their inclusion.

However, even without these convictions, sufficient other convictions exist which support the Court's determination. As the Court previously explained:

> Woodgett's extensive criminal history indicates that he is a serious danger to the safety of other persons and a danger to the community. Woodgett has prior state court convictions for robbery 3rd degree, burglary 3rd degree, possession of marijuana, and possession of cocaine, as well as convictions for escape, assault, theft of property, receiving stolen property, forgery, and municipal court offenses such as contempt of court, trespass, and harassment (doc. 26, p. 7-19). At time of sentencing, Woodgett had assault, criminal trespass, and theft charges pending in

> the state court as well as local charges for escape 1st degree, assault, theft of property, possession of a pistol by a forbidden person, and burglary 1st degree arising from the same criminal conduct, which resulted in his Indictment in this Court. (Id., p. 22).

(Doc. 62, p. 3-4).

As to the state court offenses related to this conviction, Woodgett argues that he was coerced to plead to first degree escape and first degree assault, but he was not in handcuffs when he escaped and did not touch the officer from whom he escaped (doc. 63, p. 2). According to the Factual Resume (doc. 17), Woodgett escaped while being processed for transport. He stole the officer's vehicle, sped away from the county facility, abandoned the vehicle near a cemetery, stole the officer's loaded duty weapon which was in the vehicle, and hid under a house. A K-9 officer deployed his dog under the house.[2] The officers fired one shot, Woodgett surrendered, and the firearm – for which he was convicted in this action - was found under the house. That he may not have been handcuffed, is of no consequence. And his assertion that the did not touch the officer, even if true, would not affect the Court's consideration of the remainder of his conduct.

Upon consideration of Woodgett's arguments, and the evidence of record, the Court finds no basis to deviate from its prior decision that his early release would create a danger to the safety of others and the safety of the community. See United States v. Vazquez, No. 20-14390, 2021 WL 3027137, at *2 (11th Cir. July 19, 2021) ("Factors to consider in determining the danger a defendant poses include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the individual; (3) the history and characteristics of the individual; and (4) the nature and seriousness of the danger that would be posed by the individual's release. 18 U.S.C. § 3142(g). A defendant may pose a danger to the community not only through physical violence, but also if he might engage in criminal activity detrimental to the community.") (citation omitted).

**DONE** and **ORDERED** this 30th day of June 2022.

> **s / Kristi K. DuBose**
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[2] Woodgett disputed the allegation that he raised the firearm in the direction of the officers.